UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT N. MOORE,<br><br>    Petitioner,<br><br>v.<br><br>MATTHEW MCVAY,<br><br>    Respondent. | Case No. 22-cv-02747-JST<br><br>**ORDER GRANTING NUNC PRO TUNC EXTENSION OF TIME TO FILE AMENDED PETITION; DENYING LEAVE TO AMEND; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF Nos. 6, 8 |

Petitioner, an inmate at Valley State Prison in Chowchilla, California,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] For the reasons set forth below, the Court GRANTS *nunc pro tunc* Petitioner's request for an extension of time to file his amended petition, ECF No. 6; DENIES Petitioner's request for leave to amend his petition, ECF No. 8; DENIES the petition for a writ of habeas corpus; and DENIES a certificate of appealability.

---

[1] In accordance with Habeas Rule 2(a) and Fed. R. Civ. P. 25(d), the Clerk of the Court is directed to substitute Warden Matthew McVay as respondent because he is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

[2] A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 allows a state prisoner to challenge the validity of his or her conviction and/or sentence. *See generally* 28 U.S.C. § 2254. Petitioner has filed two pleadings in this case that appear to be unrelated to the validity of his conviction and/or sentence. ECF Nos. 3, 8. These pleadings discuss an altercation between two other inmates and Petitioner's involvement in that altercation. ECF Nos. 3, 8. This altercation does not appear to be relevant to the validity of Petitioner's conviction and sentence. It is unclear if Petitioner is seeking relief related to this altercation. If Petitioner believes that his constitutional rights have been violated due to how prison officials have handled the altercation, he should seek relief in a separate action brought pursuant to 42 U.S.C. § 1983.

**DISCUSSION**

**I.     Procedural Background**

In an amended information filed on January 24, 2018, Petitioner was charged with one count of forcible rape (Cal. Pen. Code § 261(a)(2)) (count 1); two counts of forcible sodomy (Cal. Pen. Code § 286(c)(2)(A)) (counts 2 & 5); two counts of forcible oral copulation (Cal. Pen. Code § 288a(c)(2)(A) (2018)[3]) (counts 3 & 6); and one count of forcible rape while acting in concert (Cal. Pen. Code § 264.1(a)) (count 4). Each of the counts also contained allegations under the "One Strike Law," which is set forth in Cal. Panel Code § 667.61. The "One Strike Rule" provides that, in certain instances, a single conviction for a sex crime can result in a life sentence by imposing sentencing enhancements for specific sex crimes if committed under certain specified aggravating circumstances, such as prior conviction for one of the specified sex crimes, the crime was accompanied by kidnapping, or personal infliction of great bodily injury. *See generally* Cal. Penal Code § 667.61. As to counts 1 through 6, the information alleged that the offenses were committed against more than one victim (Cal. Pen. Code § 667.61(c), (e)(4)), and that Petitioner used a firearm, or dangerous or deadly weapon, during commission of the offenses (Cal. Pen. Code § 667.61(e)(3)). Counts 1 through 4 further alleged that Petitioner kidnapped the victims (Cal. Pen. Code § 667.61(d)(2), (e)(1)). Count 5 further alleged that Petitioner tied or bound the victim in the commission of the offense (Cal. Pen. Code § 667.61(e)(6)). Each of the counts also contained additional allegations under Cal. Pen. Code § 667.6. Counts 1 through 3 alleged that Petitioner came under the purview of Cal. Pen. Code § 667.6(c), because the offenses were one of several committed against Jane Doe 1. Count 4 alleged that Petitioner came under the purview of section 667.6(c), (d), because the offense was one of several involving the same victim on separate occasions. Counts 5 and 6 alleged that Petitioner came under the purview of Cal. Pen. Code § 667.6(d), because the offenses were one of several involving separate victims. All counts were alleged to be violent felonies under Cal. Pen. Code § 667.5(c). ECF No. 10 ("Answer"), Ex. 1 ("CT") at 196-213; *People v. Moore*, No. A156112, 2019 WL 4271990, at *2 (Cal. Ct. App. Sept.

---

[3] Effective Jan, 1, 2019, Cal. Penal Code § 288a(c)(2)(A) was renumbered Cal. Penal Code § 287(c)(2)(A).

2

10, 2019).

On June 4, 2018, pursuant to a plea bargain, in exchange for the dismissal of several other charges, Petitioner pled no contest to forcible rape (Cal. Penal Code § 261(a)(2))(Count 1), forcible oral copulation (Cal. Penal Code § 288a(c)(2)(A)) (Count 6), and a lesser included offense of assault by means likely to produce great bodily injury (Cal. Penal Code § 245(a)(4)) (Count 3); and agreed to a twenty-year sentence. CT 220-21, 231-45. On December 18, 2018, per his plea agreement, Petitioner was sentenced to twenty years in prison. CT 287-289, 294, 296.

Petitioner appealed his conviction on one ground, arguing that the trial court abused its discretion in denying his motion to withdraw his plea. Answer, Ex. D. On September 10, 2019, the state appellate court denied the appeal and affirmed Petitioner's judgment on direct review. *See Moore*, 2019 WL 4271990. Petitioner filed a petition for review with the California Supreme Court, again only arguing that the trial court abused its discretion in denying his motion to withdraw his plea. Answer, Ex. E. The California Supreme Court summarily denied the petition on November 13, 2019. Answer, Ex. F.

Petitioner filed several petitions for writs of habeas corpus in the state courts. ECF No. 9 at 2. Of these state habeas petitions, only the petition for writ of habeas corpus filed in the California Supreme Court on April 12, 2021, is filed in the record. Answer, Ex. G. This habeas petition raises the same claims as were raised in the operative petition: ineffective assistance of defense counsel, judicial misconduct and bias, and unjustified delay in bringing an indictment or information. This state habeas petition does not allege a claim of sentencing error. Nor does it allege that Petitioner's plea bargain was the result of threats or coercion by Judge Morris Jacobson. *Compare* ECF No. 1 *with* Answer, Ex. G. On July 14, 2021, the California Supreme Court summarily denied this petition. Answer, Ex. H.

On or about May 6, 2022, Petitioner commenced this action by filing a petition for a writ of habeas corpus. ECF No. 1.

On November 9, 2022, the Court screened the petition and found that it stated the following cognizable claim for federal habeas relief: Petitioner's sentence was in excess of the maximum allowable sentence and was impermissibly based on facts found by the judge. *See* ECF

3

No. 4 at 5. The Court dismissed with prejudice the petition's claims of ineffective assistance of trial counsel, prosecutorial misconduct, judicial misconduct, and pre-indictment delay because they alleged deprivation of Petitioner's constitutional rights that occurred before his guilty plea and a guilty plea forecloses consideration of pre-plea constitutional deprivations. *See* ECF No. 4 at 3. The Court dismissed with leave to amend the claims that Petitioner pled guilty because counsel performed so poorly at trial and that the prosecution withheld unspecified favorable evidence. *See* ECF No. 4 at 4. The Court instructed Petitioner that if he wished to file an amended petition to address the deficiencies identified by the Court, he should do so by December 7, 2022. *See* ECF No. 4 at 5.

**II.     Motion for Leave to Amend**

On December 5, 2022, Petitioner requested an extension of time to file his amended petition but did not specify how much time was needed. ECF No. 6. On January 6, 2023, Petitioner filed a pleading titled "Motion for Amended Complaint." ECF No. 8. In this pleading, Petitioner alleges that he always sought to go to trial; that defense counsel Shaylana Cleveland was ineffective; that defense counsel Daniel Duverney was ineffective and his only objective was to have Petitioner take a deal; and that Judge Jacobson committed misconduct when Judge Jacobson told him to take the deal or he would make sure that Petitioner did 129 years to life. *See generally* ECF No. 8.

The Court GRANTS *nunc pro tunc* Petitioner's request for an extension of time to file his amended petition and deems ECF No. 8 a timely filed proposed amended petition. ECF No. 6.

However, the Court DENIES Petitioner's request to file the amended petition docketed at ECF No. 8 for the following reasons.

First, allowing ECF No. 8 to procced as the amended petition results in Petitioner waiving the cognizable sentencing claim set forth in ECF No. 1. Because an amended petition completely replaces the previous petitions and may not incorporate prior petitions by reference or implication, once ECF No. 8 becomes the operative petition, this action proceeds solely on any cognizable claims stated in ECF No. 8. ECF No. 8 does not allege that Petitioner's sentence was in excess of the maximum allowable sentence and was based on facts found by the judge, and therefore waives

4

this claim.  It is not clear that Petitioner intends to waive his sentencing claim.

Second, none of the three claims set forth in ECF No. 8 states a cognizable claim for federal habeas relief.  The proposed amended petition alleges two claims of ineffective assistance of counsel and a claim of judicial misconduct.  *See generally* ECF No. 8.  However, these claims concern events that happened prior to Petitioner's guilty plea and are therefore not cognizable in federal habeas proceedings.  *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to deprivation of constitutional rights that occurred before guilty plea).

Third, while the proposed amended petition does state one cognizable claim, that claim is unexhausted, and amendment would therefore be futile.  Liberally construed, the allegation that Petitioner's guilty plea was the result of threats made by Judge Jacobson states a cognizable claim as to the voluntary nature of the guilty plea, which is cognizable in federal habeas.[4]  *Brady v. United States*, 397 U.S. 742, 754-55 (1970) (plea is "involuntary" if product of threats, improper promises, or other forms of wrongful coercion).  But the Court will not grant Petitioner leave to file an amended petition stating this claim because amendment would be futile, given that the claim is unexhausted.  As explained in further detail below, a federal habeas court is required to dismiss claims that have not been exhausted in the state courts by presentation to the highest state court.  *See* 28 U.S.C. § 2254(b), (c) (prisoner seeking to challenge either fact or length of confinement in state custody in federal habeas proceedings must first exhaust state judicial

---

[4] This claim was not raised in the operative petition.  Although the operative petition argues that "Petitioner's Plea was the result of unconstitutional coercion Mabry v. Johnson, 467 U.S. 504 (1984)," ECF No. 1 at 15, this sentence cannot be read as arguing that Petitioner's plea was the result of unconstitutional coercion by Judge Jacobson threatening to sentence Petitioner to 129 years to life if he did not accept the plea bargain.  The sentence does not provide any factual basis for the claim that the guilty plea was involuntary, much less reference Judge Jacobson's alleged threat.  Nor does the citation to *Mabry* hint at a challenge to the voluntary nature of Petitioner's plea.  *Mabry* holds that generally "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry*, 467 U.S. at 508.  In dicta, *Mabry* stated that where the defendant pleads guilty based on a false premise, such as a promise that the government does not intend to fulfill, the plea is neither voluntary nor knowing.  *Mabry*, 467 U.S. at 509.  However, in *Puckett v. United States*, 556 U.S. 129 (2009), the Supreme Court expressly disavowed this dicta in *Mabry*, holding that "there is nothing to support the proposition that the Government's breach of a plea agreement retroactively causes the defendant's agreement to have been unknowing or involuntary." *Puckett*, 556 U.S. at 138 & n.1.

5

remedies by presenting highest state court available with fair opportunity to rule on merits of each claim they seek to raise); 28 U.S.C. § 2254(b)(1) (state court shall not grant relief on unexhausted claim); *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (if available state remedies have not been exhausted as to all claims, district court must dismiss petition).

      Petitioner did not present this claim to the California Supreme Court for review, either in his petition for review or his state habeas petition. *See* Answer, Exs. E, G. Although Petitioner alleged in the state habeas that Judge Jacobson engaged in misconduct, those judicial misconduct allegations do not exhaust this new claim raised in the traverse. To exhaust a claim in state court, the petitioner must present to the state court both the factual basis for the claim and the constitutional claim inherent in those facts. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("In *Picard v. Connor*, 404 U.S. 270 (1971), we held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."). Petitioner did not present the factual basis for this new claim – that Judge Jacobson coerced him to accept the plea bargain by threatening to otherwise sentence him to 129 years to life – and did not present the legal basis for this claim – that the threat rendered his guilty plea involuntary – in his state habeas petition. The claims of judicial misconduct that Petitioner did raise in the state habeas petition – the judge made numerous false statements (that Petitioner had a son and did not want to miss his son's childhood, that Petitioner had been in prison and liked anal sex as a result, that he had spoken with Petitioner wherein Petitioner reported working on a deal for 10 years at 8 percent), made deceitful remarks, denied his *Marsden* motion, showed bias by interrupting Petitioner's closing argument and simultaneously praising counsel –are distinct from, and arise from a different set of facts than, the claim that Petitioner was coerced into pleading guilty by Judge Jacobson's threats. *Compare* ECF No. 10-9 at 19-22, 24-25 *to* ECF No. 8 at 3. The Court therefore DENIES Petitioner's request to file the amended petition docketed at ECF No. 8 because amendment would be futile. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (considering futility of amendment in determining whether to grant leave to amend).

6

### III. Petition for a Writ of Habeas Corpus

The petition alleges that Petitioner's constitutional rights were violated when the trial court imposed a sentence beyond the maximum allowable sentence and based the sentence on findings not made by a jury. *See generally* ECF Nos. 1, 4. Respondent argues that the petition should be dismissed because this claim is unexhausted and, in the alternative, that the claim fails on the merits. *See generally* ECF No. 9. In his traverse, Petitioner alleges that he has "exhausted all state claims decorously" because "[a]ll claims of federal constitutional violation of rights have been submitted with each habeas corpus." ECF No. 11 at 2. The traverse does not directly address Respondent's claim that the sentencing error claim lacks merit, but states, "sentencing is not the primary subject." The traverse raises additional challenges to Petitioner's conviction, which were not raised in the initial petition or the proposed amended petition.

#### A. New Claims Raised in Traverse

In the traverse, Petitioner raises the following new challenges to his conviction. First, he appears to challenge the validity of his guilty plea, arguing that his plea bargain was the result of coercion by the state court because Judge Jacobson made false or fictitious statements and falsified documents to secure the plea bargain and arguing that he did not agree to plead guilty to great bodily injury. Second, Petitioner argues that he is "entitled to discharge from his present confinement under the sole facts of the case itself, flawed investigation that's blamed on overwhelming caseloads, egregious violations from counsel to Judge who continues to avert *addressing (Cal Crim. Law (33d), Criminal Trial, § 557 et. Seq.: (infra. § 40): People v. Ralls (1937) 21 C.A. 2d 6, 679, 70 P.2d 26: Cal. Crim Law (3d), Criminal Trial § 10 et. Seq.: U.S. v. Russell 411 U.S. 423 (1973): Mabry v. Johnson, 467 U.S. 504 (1984)* Violations within the case itself." ECF No. 11 at 2-3 (emphasis in original). None of these arguments were raised in the operative petition, ECF No. 1, or the proposed amended petition, ECF No. 8.

"A traverse is not the proper pleading to raise additional grounds." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Nevertheless, a district court "has discretion, but is not required to" consider evidence and claims raised for the first time after the filing of the petition. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002); *United States v. Howell*, 231 F.3d

7

615, 621 (9th Cir. 2000). This includes new claims raised by a petitioner in the traverse. *See, e.g., Jackson v. Roe*, 425 F.3d 654, 655 n.1 (9th Cir. 2005) (noting magistrate judge's consideration of a new claim raised for first time in traverse).

The Court declines to address the new arguments raised in the traverse because these claims are unexhausted. None of these claims were presented to the California Supreme Court. *See* Answer, Exs. E, G. As discussed in further detail below, pursuant to 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted his state remedies, which requires that the petitioner's contentions be fairly presented to the state courts and disposed of on the merits by the highest state court. 28 U.S.C. § 2254(b); *see also James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) ("In general, a habeas petition should be dismissed if a petition has failed to exhaust state remedies as to even one claim."). Accordingly, even if the claims raised in the traverse were cognizable,[5] they are unexhausted. The Court declines to address the new claims raised in the traverse.

B. **Exhaustion**

1. **Legal Standard for Exhaustion of State Remedies**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution," *Duncan v. Henry*, 513 U.S. 364, 368 (1995), and must be given an opportunity to rule on the claims even if review is discretionary, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one

---

[5] To the extent that the arguments in the traverse regarding Judge Jacobson challenge the validity of Petitioner's guilty plea, such an argument would be cognizable in federal habeas. However, the traverse's second argument is incomprehensible. It is unclear what Petitioner means when he refers to "the sole facts of the case itself" or "violations within the case itself." The Court cannot determine claims from general citations to treatises or cases. To the extent that the second argument alleges that the investigation of Petitioner's case was flawed or that his counsel was ineffective, these allegations of pre-plea constitutional deprivations are not cognizable claims for federal habeas relief. *See Haring*, 462 U.S. at 319-20.

8

1  complete round of the State's established appellate review process."). The exhaustion-of-state-
2  remedies doctrine "reflects a policy of federal-state comity" designed to give a State "an initial
3  opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v.*
4  *Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). The
5  exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the
6  state courts, *see Picard*, 404 U.S. at 275 (citations omitted); or (2) no state remedy remains
7  available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). If available state remedies have
8  not been exhausted as to all claims, the district court must dismiss the petition. *See Rose v. Lundy*,
9  455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). The court
10 generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1).

11     To exhaust a claim in state court, the petitioner must present to the state court both the
12 factual basis for the claim and the constitutional claim inherent in those facts. *Gray v. Netherland*,
13 518 U.S. 152, 162–63 (1996) ("In *Picard v. Connor*, 404 U.S. 270 (1971), we held that, for
14 purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference
15 to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the
16 petitioner to relief."). To exhaust the factual basis for the claim, "the petitioner must only provide
17 the state court with the operative facts, that is, 'all of the facts necessary to give application to the
18 constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009
19 (9th Cir. 2008) (alteration in original and citation omitted). To exhaust the legal basis for the
20 claim, the petitioner must alert the state court to the fact that he is asserting a claim under the
21 United States Constitution. *Duncan*, 513 U.S. at 365-66; *see, e.g., Dye v. Hofbauer*, 546 U.S. 1, 4
22 (2005) (federal due process claim based on prosecutorial misconduct was fairly presented where
23 text of brief cited Fifth and Fourteenth Amendments and cited federal cases concerning alleged
24 violation of federal due process rights in context of prosecutorial misconduct; "brief was clear that
25 the prosecutorial misconduct claim was based, at least in part, on a federal right").

26     A petitioner does not exhaust all possible claims stemming from a common set of facts
27 merely by raising one specific claim. *See Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013)
28 (mere submission of relevant affidavit not sufficient to place court on notice of all potential

9

1  constitutional challenges stemming from affidavit); *see also Koerner v. Grigas*, 328 F.3d 1039, 1046-48 (9th Cir. 2003) (even though factual basis for claim was submitted to state court, claim itself not fairly presented to that court because facts were used exclusively to support another claim).

### 2.  Sentencing Error Claim

Respondent argues that the operative petition's claim of sentencing error is unexhausted. *See* ECF No. 9 at 2-3.  Petitioner conclusorily responds that he has "exhausted all state claims decorously" because "[a]ll claims of federal constitutional violation of rights have been submitted with each habeas corpus." ECF No. 11 at 2.  Despite Petitioner's claim, neither his petition for review nor his state habeas petition raise a sentencing error claim.  Answer, Exs. E, G.  The sole claim raised in the petition for review is that the trial court abused its discretion in denying Petitioner's motion to withdraw his plea.  Answer, Ex. E.  The state habeas petition alleges ineffective assistance of defense counsel, judicial misconduct and bias, and unjustified delay in bringing an indictment or information, but does not challenge Petitioner's sentence.  Answer, Ex. G.  Because Petitioner did not present the California Supreme Court with a fair opportunity to rule on the merits of the sentencing error claim, this claim is unexhausted.  *See* 28 U.S.C. § 2254(b), (c).

In the alternative, the Court DENIES Petitioner's claim on the merits.  While the court generally may not grant relief on an unexhausted claim, the court may deny an unexhausted claim on the merits.  *See* 28 U.S.C. § 2254(b); *Runningeagle v. Ryan*, 686 F.3d 758, 777 n.10 (9th Cir. 2012).  Petitioner's sentence did not exceed the maximum allowable sentence under California law and the sentence was not based on findings made by the sentencing court instead of a jury.

Petitioner's sentence did not exceed the maximum allowable sentence under California law.  Per his plea agreement, Petitioner specifically agreed that he would be sentenced to twenty years in prison, consisting of an upper term of eight years for the forcible rape of Jane Doe 1, as charged in Count 1; a consecutive upper term of four years for assault with force likely to produce great bodily injury, also with respect to Jane Doe 1, a lesser included offense of the charge in Count 3; and a consecutive upper term of eight years for forcible oral copulation of Jane Doe 2, as

charged in Count 6. CT 196-97, 202-03, 211-12, 287-89, 294, 296. Each of these individual terms are authorized by state statute. *See* Cal. Penal Code § 264(a) (providing for three, six, or eight year term for forcible rape, Cal. Penal Code § 261(a)(2)); Cal. Penal Code § 245(a)(4) (providing for two, three, or four year term in state prison for assault by any means of force likely to produce great bodily injury); Cal. Penal Code § 288a(c)(2)(A) (2018) (providing for three, six or eight year term for forcible oral copulation). The consecutive nature of the term for Count 6 (eight-year term for forcible oral copulation of Jane Doe 2) is authorized by state statute because Count 6 involved a different victim from Counts 1 and 3 (forcible rape and assault with force likely to produce great bodily injury, both against Jane Doe 1). Cal. Penal Code § 667.6(d)(1) ("A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions."). The consecutive terms for Counts 1 and 3 are also permissible because California law permits the parties to agree to a full consecutive term, even if not otherwise authorized, as part of a plea bargain.[6] *People v. Hester*, 22 Cal. 4th 290, 295 (Cal. 2000) ("Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process.") (emphasis in original). In the change of plea hearing, Petitioner, through his counsel, acknowledged that the consecutive full terms was in excess of jurisdiction and that he had agreed to the consecutive full terms because the overall sentence was "a far more lenient sentence than what would appear from the charges as they [were] presented in the complaint." CT 235-36.

Petitioner's sentence was not imposed in excess of the maximum allowable sentence based on findings made by the judge instead of a jury. In support of this argument, Petitioner cited to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* holds that "[o]ther than the fact of a prior

---

[6] Ordinarily the four-year term for Count 6 would run consecutive at one-third of its middle term because it involved the same victim as the victim in Count 1. Cal. Penal Code § 1170.1(a))

11

1  conviction, any fact that increases the penalty for a crime beyond the prescribed statutory
2  maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530
3  U.S. at 488-90. The Supreme Court clarified *Apprendi*'s holding in *Blakely v. Washington*, 542
4  U.S. 296 (2004) and *Cunningham v. California*, 549 U.S. 270 (2007) as follows. In *Blakely*, the
5  Supreme Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum
6  sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or
7  admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis deleted). In *Cunningham*, the
8  Supreme Court held that, before being sentenced to an upper term, a defendant is entitled to a jury
9  finding on any factor other than a prior conviction. *Cunningham*, 549 U.S. at 292-93 (holding that
10 for California's sentencing scheme, middle term is relevant statutory maximum and upper term
11 requires jury finding for relevant factors). However, there is no clearly established Federal law
12 applying the *Apprendi*/*Blakely*/*Cunningham* holdings to plea bargains. *See, e.g., Blakely*, 542 U.S.
13 at 310 ("nothing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads
14 guilty, the State is free to seek judicial sentence enhancements so long as the defendant either
15 stipulates to the relevant facts or consents to judicial factfinding."); *United States v. Jefferson*, 791
16 F.3d 1013, 1016 n.3 (9th Cir. 2015) ("A defendant who enters a guilty plea waives his right to a
17 trial by jury, and therefore also waives *Alleyne* and *Apprendi*'s protections of that right.") (internal
18 citations omitted). Here, pursuant to his plea bargain, in exchange for a more lenient sentence
19 than what his potential exposure was, Petitioner agreed to the upper term for these counts and to
20 having all terms run fully consecutive to one another. CT 220, 231-44.

## CERTIFICATE OF APPEALABILITY

22 The federal rules governing habeas cases brought by state prisoners require a district court
23 that issues an order denying a habeas petition to either grant or deny therein a certificate of
24 appealability. *See* Rules Governing § 2254 Case, Rule 11(a).
25 A judge shall grant a certificate of appealability "only if the applicant has made a
26 substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the
27 certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district
28 court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c)

is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. In accordance with Habeas Rule 2(a) and Fed. R. Civ. P. 25(d), the Clerk of the Court is directed to substitute Warden Matthew McVay as respondent because he is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

2. The Court GRANTS *nunc pro tunc* Petitioner's request for an extension of time to file his amended petition and deems ECF No. 8 a timely filed proposed amended petition. ECF No. 6. The Court DENIES Petitioner leave to file the proposed amended petition docketed at ECF No. 8. ECF No. 8.

3. The Court DENIES this petition for a writ of habeas corpus on the merits and DENIES a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and against Petitioner.

This order terminates ECF Nos. 6, 8.

**IT IS SO ORDERED.**

Dated: March 15, 2023

JON S. TIGAR
United States District Judge

13